## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 04-20043-CM** |
| | ) | |
| WILLIAM T. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

This case is before the court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 63).  On September 17, 2007, the court granted petitioner twenty days to: (1) demonstrate how the issues raised in his § 2255 petition differ from those raised on appeal; (2) to the extent that the issues differ, show cause for any procedural default and actual prejudice or that a fundamental miscarriage of justice will occur if the court does not address his claim; and (3) explain how his third ground for habeas relief is not barred by *Daniels v. United States*, 532 U.S. 374 (2005).  The court advised petitioner that if he was unable to properly address these issues, his § 2255 petition likely would be subject to dismissal on these grounds.  Petitioner did not respond to the court's order.  Because the court gave petitioner notice and a reasonable opportunity to respond to these arguments, the court addresses the arguments *sua sponte*.  *See Hardiman v. Reynolds*, 971 F.2d 500, 505 (10th Cir. 1992) (reversing because the district court did not give the petitioner a reasonable opportunity to respond to procedural bars that the court raised *sua sponte*).

## I.     Issues Raised on Appeal

Petitioner cannot use a § 2255 motion to reassert questions raised and addressed both by the trial and appellate courts.  *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978).  Ground One of petitioner's § 2255 motion—that his 1986 attempted robbery conviction should not have been counted toward his career offender designation—appears to be one of the same issues raised on appeal.

On appeal, petitioner argued that the 1986 conviction could not be used to classify him as a career criminal because the government did not prove the revocation of his parole.  *See United States v. Smith*, 160 Fed. App'x 704, 706 (10th Cir. 2005).  If his parole was not revoked, then petitioner would not have been incarcerated during the fifteen-year period immediately prior to the offense for which he was being sentenced, making the career offender designation inappropriate.  *See id.*  Petitioner also argued that the government did not sufficiently prove that he received due process in the revocation of his parole.  *Id.* at 707.

Petitioner now claims that his parole was not properly revoked, and that if he had known that his waiver of a hearing could lead to a career offender designation later, he would have requested a hearing.  He concludes his argument with the sentence "It was/is the U.S. govt. [sic] job to prove that violation was authentic."  Petitioner admits in his motion that he raised the issue in part on appeal, but claims that his attorney raised it from a different angle.  After reviewing and comparing the Tenth Circuit's opinion on direct appeal and petitioner's § 2255 motion, the court determines that the substance of both issues is the same and that the Tenth Circuit has addressed Ground One.

Ground Two—that petitioner's sentence was greater than necessary to fulfill the purposes of 18 U.S.C. § 3553(a)—precisely duplicates an issue that petitioner raised on appeal.  Petitioner

admits as much in his motion, where he checked "yes" in response to the question, "If you appealed from the judgment of conviction, did you raise this issue?"  This court is precluded from revisiting the issue.

Grounds One and Two fail because they fall within the issues raised on appeal.  Petitioner has not identified any special circumstance that would allow the court to consider the issues raised in his § 2255 motion; therefore, petitioner cannot collaterally attack the prior decisions of the court or of the Tenth Circuit.  *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986) (stating that absent special circumstances, a § 2255 motion cannot be used as a means to relitigate questions raised and considered by the trial court and on appeal).  Petitioner is not entitled to relief.

## II.      Issue Not Addressed on Appeal

Even if the court were to assume that Ground One sufficiently differs from the 1986 robbery issue that petitioner raised on appeal, the claim would still be barred.  Ground One asserts an alleged error affecting petitioner's sentence that should have been raised on appeal.  Again, petitioner claims that the court should not have counted his 1986 attempted robbery conviction for purposes of career offender designation.  This is not a collateral attack on the federal sentencing proceedings, but a direct attack challenging the way the court calculated the sentence.  Because petitioner did not raise the issue on appeal, he procedurally defaulted the claim.  Petitioner did not attempt to show cause for his default or that he would suffer prejudice if the court does not address his claim.  *See United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (citations omitted).  The court therefore determines that the claim should be dismissed.

## III.     Prior Conviction No Longer Open to Direct or Collateral Attack

In Ground Three, petitioner challenges the legality of his 1986 attempted robbery conviction.

Petitioner claims that he is contesting his sentence through the California Department of Justice.  But as the court pointed out to petitioner in its September 17 order, *Daniels v. United States* provides that if a prior conviction used to enhance a sentence is no longer open to direct or collateral attack, then a petitioner may not attack that conviction through a § 2255 motion except in a "rare" case. 532 U.S. 374, 382–83 (2005).  The 1986 conviction, now over twenty years old, is no longer open to direct or collateral attack, and petitioner has made no showing that this constitutes a "rare" case. *Daniels* precludes Ground Three.

**IV.      Conclusion**

None of petitioner's arguments demonstrate that he is entitled to relief.  No evidentiary hearing is required because information in the files and record conclusively shows that petitioner is not entitled to relief.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1998) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 63) is denied.

Dated this <u>7th</u> day of November 2007, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**