# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **WILLIAM T. SMITH,** ) <br> ) <br> **Defendant.** ) <br> ) | Case No. 04-20043-CM |

## MEMORANDUM AND ORDER

This closed criminal case is before the court on defendant William T. Smith's Motion Under Rule 35(a) by a Prisoner in Federal Custody Citing a Violation of His Constitutional Rights Under the Sixth Amendment to Submit Facts to an Impartial Jury (Doc. 74). Defendant asks the court to correct his sentence because the court sentenced him based on facts found only by a preponderance of the evidence. In support of his motion, defendant cites the recent Supreme Court case *United States v. Alleyne*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S. Ct. at 2155 (citation omitted). The Supreme Court decided *Alleyne* well after defendant was sentenced in 2005. Since being sentenced, defendant has sought relief twice under 28 U.S.C. § 2255. This time, he specifies that he is seeking relief under Rule 35(a)—not § 2255.

Defendant's attempt to utilize Rule 35(a) is misguided. First, he appears to be citing a version of the rule that was amended long before his sentencing: the pre-November 1, 1987 version of the rule. Prior to this date, the rule allowed the court to correct an illegal sentence at any time. In 1987, the rule

-1-

was amended to limit the time for challenge to seven days after sentencing. In 2009, this limit was expanded to fourteen days. Under the more current versions of Rule 35(a), defendant's request is therefore untimely.

Second, defendant's labeling of his motion is an improper attempt to circumvent the restrictions of § 2255 motions. In challenging the constitutionality of his sentence, defendant's motion is—in substance—an attempt to file a third § 2255 motion. *See United States v. Boyd*, 591 F.3d 953, 956 (7th Cir. 2010) ("[T]he second motion in this case was not really a Rule 35(a) motion; it was a section 2255 motion—a wolf in sheep's clothing."); *United States v. Kostrick*, 49 F. App'x 377, 379 (3d Cir. 2002) ("A motion made pursuant to old Rule 35, however, is not the appropriate vehicle for [an *Apprendi*] challenge" because "[a] challenge to the constitutionality of a sentence is more properly asserted in a petition for habeas corpus relief.").

Ordinarily, when the court recharacterizes a motion as a § 2255 motion, the court must give the prisoner notice and an opportunity to withdraw the motion. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (citations omitted). This is not the case, however, when a prisoner has already filed a § 2255 motion. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (citations omitted). The court therefore proceeds without further notice to defendant.

Because defendant's motion is actually a second or successive motion under § 2255, defendant must obtain authorization from the Tenth Circuit before filing it. *See* 28 U.S.C. § 2255(h). But he has not shown that he obtained such authorization. This court therefore lacks jurisdiction to consider the motion. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

Given this posture, the court must either dismiss defendant's claim for lack of jurisdiction or transfer the motion to the Tenth Circuit. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). To transfer the motion, the court must first determine that such transfer would be "in the

interests of justice." *Id*. This the court cannot do. The motion is unlikely to be meritorious, which strongly suggests that it would not be in the interests of justice to transfer. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Simply stated, *Alleyne* does not offer defendant relief. While *Alleyne* did "set forth 'a new rule of constitutional law,'" it does not apply retroactively to collateral reviews. *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013) (quoting *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013)). Defendant's claim therefore fails to satisfy the requirements of § 2255(h), which provides that successive motions must be based on newly discovered evidence or a new rule of constitutional law—previously unavailable—"made retroactive to cases on collateral review by the Supreme Court."

For the above reasons, the court (1) dismisses this action for lack of jurisdiction; (2) declines to transfer the action to the Tenth Circuit; and (3) declines to issue a certificate of appealability, to the extent a certificate is necessary in this case. A certificate of appealability is not warranted for this reason: Reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

**IT IS THEREFORE ORDERED** that defendant William T. Smith's Motion Under Rule 35(a) by a Prisoner in Federal Custody Citing a Violation of His Constitutional Rights Under the Sixth Amendment to Submit Facts to an Impartial Jury (Doc. 74) is dismissed without prejudice for lack of jurisdiction.

Dated this 10th day of March, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**